IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-217-D
No. 5:15-CV-265-D

| | |
|---|---|
| DOMONIC DEVARRISE USHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Domonic Devarrise Usher ("Usher") is serving a 2119-month sentence due to his convictions for one count of conspiracy to commit violations of the Hobbs Act (interference with commerce by robbery), seven counts of interference with commerce by robbery, and seven counts of carrying and using a firearm during and in relation to a crime of violence. See United States v. Usher, 555 F. App'x 227, 228 (4th Cir. 2014) (per curiam) (unpublished). In 2015, Usher moved (pro se) for relief under 28 U.S.C. § 2255 and alleged ineffective assistance of appellate counsel for failing to challenge his seven-year sentence on count three in light of Alleyne v. United States, 570 U.S. 99 (2013), and to challenge his "second and subsequent" section 924(c) convictions under Alleyne. See [D.E. 358]; [D.E. 363] 4–8. On June 7, 2016, Usher (through counsel) supplemented his section 2255 motion to challenge his section 924(c) convictions in counts three, five, seven, nine, eleven, thirteen, and fifteen under Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 375]. In the supplement, Usher contends that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). See id.

On July 5, 2016, the court granted the government's motion to place the case in abeyance pending resolution of two cases in the Fourth Circuit. See [D.E. 384]. Two years later, those cases

apparently remain unresolved, and the court doubts the wisdom of continuing to hold this case in abeyance.

As for Usher's supplemental claim, it appears to lack merit. Hobbs Act robbery is a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A). See United States v. Hill, 890 F.3d 54–60 (2d Cir. 2018); United States v. St. Hubert, 883 F.3d 1319, 1328–29 (11th Cir. 2018); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017); Diaz v. United States, 863 F.3d 781, 783 (8th Cir. 2017); United States v. Gooch, 850 F.3d 285, 290–92 (6th Cir. 2017); In re Chance, 831 F.3d 1335, 1337 (11th Cir. 2016); see also United States v. Castleman, 572 U.S. 157, 168–72 (2014); In re Irby, 858 F.3d 231, 237–38 (4th Cir. 2017). As for Usher's first ineffective assistance of counsel claim, this court's alternative variant sentence of life imprisonment appears to defeat Usher's prejudice argument. See [D.E. 349] 11–17; cf. Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Rangel, 781 F.3d 736, 745–46 (4th Cir. 2015); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). As for Usher's second ineffective assistance of counsel claim, it appears baseless. See Alleyne, 570 U.S. at 111 n.1; Fox, 878 F.3d at 579; United States v. King, 751 F.3d 1268, 1280 (11th Cir. 2014); United States v. McDowell, 745 F.3d 115, 123–24 (4th Cir. 2014).

Not later than August 24, 2018, each party shall provide any additional information concerning this case or the cases cited in the abeyance order. Each party also shall state whether this court should lift the stay and proceed to resolve this long-pending case.

SO ORDERED. This 14 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge

2