IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-217-D
No. 5:15-CV-265-D

| | |
|---|---|
| DOMONIC DEVARRISE USHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 19, 2015, Domonic Devarrise Usher ("Usher") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 2119-month sentence [D.E. 358]. On September 21, 2015, the government moved to dismiss Usher's section 2255 motion for failure to state a claim [D.E. 367] and filed a memorandum in support [D.E. 368]. On December 10, 2015, Usher responded in opposition [D.E. 370]. On June 7, 2016, Usher (through counsel) supplemented his 2255 motion to challenge his convictions under 18 U.S.C. § 924(c) in counts three, five, seven, nine, eleven, thirteen, and fifteen and cited Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process). See [D.E. 375]. On July 5, 2016, the court granted the government's motion to place this case in abeyance pending resolution of two cases in the United States Court of Appeals for the Fourth Circuit related to Johnson. See [D.E. 384]. Notwithstanding the lapse of over two years, the Fourth Circuit has not resolved those two cases. On August 14, 2018, this court ordered the parties to provide any additional information and to state whether this court should lift the stay and resolve this long-pending case [D.E. 397]. On August 24, 2018, each party responded [D.E. 398, 399]. As explained below, the court lifts the stay, grants the government's motion to dismiss, and dismisses Usher's section 2255 motions.

I.

On July 19, 2012, a jury convicted Usher of one count of conspiracy to commit violations of the Hobbs Act (interference with commerce by robbery), 18 U.S.C. § 1951(a) (count one), seven counts of interference with commerce by robbery, 18 U.S.C. §§ 2, 1951(a) (counts two, four, six, eight, ten, twelve, and fourteen), and seven counts of carrying and using a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2, 924(c)(1)(A) (counts three, five, seven, nine, eleven, thirteen, and fifteen). See [D.E. 271]. On December 5, 2012, this court sentenced Usher to 235 months' imprisonment on the conspiracy count and each of the Hobbs Act robbery counts to run concurrently with each other. See Sentencing Tr. [D.E. 349] 14–15. The court also sentenced Usher to a mandatory 84-month consecutive sentence on count three and mandatory 300-month consecutive sentences on each of the remaining section 924(c) counts, resulting in a cumulative sentence of 2119 months' imprisonment. See id. At sentencing, and in recognition of on-going litigation and uncertainty concerning mandatory minimum sentences under 18 U.S.C. § 924(c)(1) (including the then-pending Alleyne case),[1] the court announced an alternative variant sentence of life imprisonment on one of Usher's section 924(c) convictions. See id. at 15–17; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012).

Usher appealed and attacked his conviction and sentence. As for Usher's conviction, Usher attacked the prosecutor's repetition of certain witness's answers during the witness's testimony. See Fed. R. Evid. 403. As for Usher's sentence, Usher argued that this court's imposition of the 84-

---

[1] On October 5, 2012, the Court granted certiorari in Alleyne. See Alleyne v. United States, 133 S. Ct. 420 (2012). On January 14, 2013, the Court heard oral argument. On June 17, 2013, the Court decided Alleyne. See Alleyne v. United States, 570 U.S. 99 (2013). The Court overruled Harris v. United States, 536 U.S. 545 (2002), and held that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Id. at 108. Thus, under 18 U.S.C. § 924(c)(1)(A), the "fact" of brandishing a firearm during and in relation to a crime of violence yields a seven-year mandatory minimum sentence and is an "element" of the offense that the jury must find beyond a reasonable doubt. See id. at 112–16.

2

month consecutive sentence on count three and the ensuing 300-month consecutive sentences on counts, five, seven, nine, eleven, thirteen, and fifteen violated the Eighth Amendment's protection against cruel and unusual punishment. On February 7, 2014, the United States Court of Appeals for the Fourth Circuit rejected the arguments and affirmed Usher's conviction and sentence. See United States v. Usher, 555 F. App'x 227, 228–29 (4th Cir. 2014) (per curiam) (unpublished). On June 23, 2014, the Supreme Court denied certiorari. See Usher v. United States, 134 S. Ct. 2858 (2014).

On June 19, 2015, Usher moved pro se for relief under 28 U.S.C. § 2255 and alleged ineffective assistance of appellate counsel for failing to challenge his seven-year sentence on count three in light of Alleyne v. United States, 570 U.S. 99 (2013), and to challenge his "second and subsequent" section 924(c) convictions under Alleyne. See [D.E. 358]; [D.E. 363] 4–8. On June 7, 2016, Usher (through counsel) supplemented his section 2255 motion to challenge his section 924(c) convictions in counts three, five, seven, nine, eleven, thirteen, and fifteen by citing Johnson v. United States, 135 S. Ct. 2551 (2015), and arguing that Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c). See [D.E. 375]. The government moves to dismiss Usher's petition and supplement.

II.

The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. 1990) (unpublished table decision). A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the claims' legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007)

3

(per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency" of the petition. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, the petition must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Usher's claim that Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c) and that his convictions in counts three, five, seven, nine, eleven, thirteen, and fifteen are therefore invalid, Usher failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Usher from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621–22 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Usher has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from this alleged error. See Bousley, 523 U.S. at 622–24; Frady, 456 U.S. at

170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, the court dismisses this claim.

Alternatively, the claim fails on the merits. Hobbs Act robbery is a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A), and Johnson does not alter this conclusion. See United States v. Hill, 890 F.3d 51, 54–60 (2d Cir. 2018); United States v. St. Hubert, 883 F.3d 1319, 1328–29 (11th Cir. 2018); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017); Diaz v. United States, 863 F.3d 781, 783 (8th Cir. 2017); United States v. Gooch, 850 F.3d 285, 290–92 (6th Cir. 2017); In re Chance, 831 F.3d 1335, 1337 (11th Cir. 2016); see also United States v. Castleman, 572 U.S. 157, 168–72 (2014); In re Irby, 858 F.3d 231, 237–38 (4th Cir. 2017). Thus, the court dismisses this claim.

As for Usher's remaining claims, he alleges ineffective assistance of appellate counsel for failing (1) to cite Alleyne and challenge his 84-month sentence on count three, and (2) to cite Alleyne and challenge his "second and subsequent" section 924(c) convictions in counts five, seven, nine, eleven, thirteen, and fifteen. See [D.E. 358]; [D.E. 363 ] 4–8.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment,

5

Usher must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–92 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. "[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule on its own familiarity with the case. See Blackledge, 431 U.S. at 74 n.4; Dyess, 730 F.3d at 359–60.

First, Usher contends that his appellate counsel was ineffective on appeal by failing to cite Alleyne, note the absence of a jury finding concerning brandishing, and challenge Usher's 84-month sentence on count three. See [D.E. 358]; [D.E. 363] 4–8. According to Usher, if counsel had made this argument, the Fourth Circuit would have directed this court to reduce Usher's sentence on count three from 84-months' consecutive imprisonment to 60-months' consecutive imprisonment.

Appellate counsel "need not (and should not) raise every nonfrivolous claim." Smith v. Robbins, 528 U.S. 259, 288 (2000). Here, appellate counsel properly focused on what counsel believed were the strongest appellate issues in the appeal and did not provide deficient performance in declining to cite Alleyne and challenge Usher's 84-month sentence on count three. First, in light of the jury instructions that the court gave concerning count three, it is not clear that the jury did not

6

find brandishing. See [D.E. 347] 194-95, 205-06, 210-11, 213, 216-22. Second, and in any event, appellate counsel appropriately challenged Usher's entire 2119-month sentence under the Eighth Amendment as being cruel and unusual rather than simply seeking to have Usher's sentence on count three reduced from 84 months' consecutive imprisonment to 60 months' consecutive imprisonment. This choice was reasonable given that even if Usher "succeeded" on an Alleyne challenge to his sentence on count three, "success" would have meant a total reduction in Usher's sentence from 2119 months' imprisonment to 2095 months' imprisonment. Given the impossibility of Usher living either 2095 months or 2119 months (i.e., more than 176 years), counsel did not provide unreasonable performance by failing to raise the Alleyne issue concerning count three. Furthermore, in light of this court's alternative variant sentence of life imprisonment on one of Usher's section 924(c) convictions, Usher has not plausibly alleged "a reasonable probability he would have prevailed on his appeal [concerning his sentence] but for his counsel's unreasonable failure to raise an issue." United States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (quotation and alteration omitted); see Robbins, 528 U.S. at 285-86. Thus, the court dismisses Usher's first ineffective assistance claim.

As for Usher's second ineffective assistance claim, Usher contends that appellate counsel rendered ineffective assistance by failing to cite Alleyne and challenge his "second and subsequent" section 924(c) convictions. See [D.E. 358]; [D.E. 363] 4-8. Essentially, Usher contends that the rationale of Alleyne requires the jury to find beyond a reasonable doubt that the section 924(c) offenses in counts five, seven, nine, eleven, thirteen, and fifteen were "second or subsequent."

Usher's argument concerning Alleyne, and Usher's "second and subsequent" section 924(c) convictions is baseless. See Alleyne, 570 U.S. at 111 n.1; Fox, 878 F.3d at 579; United States v. King, 751 F.3d 1268, 1280 (11th Cir. 2014); United States v. McDowell, 745 F.3d 115, 123-24 (4th Cir. 2014). The failure to raise a baseless argument is not deficient performance. See Knowles v. Mirzayance, 556 U.S. 111, 127-28 (2009); Smith, 528 U.S. at 288.

After reviewing the claims presented in Usher's motions, the court finds that reasonable

7

jurists would not find the court's treatment of Usher's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court LIFTS the stay, GRANTS the government's motion to dismiss [D.E. 367], DISMISSES Usher's section 2255 motions [D.E. 358, 371, 375], and DENIES a certificate of appealability.

SO ORDERED. This 6 day of September 2018.

                                              JAMES C. DEVER III
                                              Chief United States District Judge